*Ying Zheng v. Gonzales*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: May 14, 2007                              Decided: August 10, 2007)

Docket No. 06-2939-ag

_____

YING ZHENG,

*Petitioner*,

v.

ALBERTO R. GONZALES,

*Respondent*.

_____

Before:     SACK, SOTOMAYOR, and KATZMANN, *Circuit Judges*.

_____

Petitioner Ying Zheng petitions for review of a decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's order of removal because the petitioner had

failed to demonstrate that the forcible insertion of an IUD constituted persecution within the

meaning of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42).

Petition granted; order of the BIA vacated; case remanded for further proceedings.

Thomas V. Massucci, New York, New York, *for petitioner.*

Peter D. Keisler, Assistant Attorney General, Civil Division, U.S. Department of Justice; Linda S. Wernery, Assistant Director, Janice K. Redfern, Attorney, Office of Immigration Litigation, Washington, D.C., *for respondent.*

SOTOMAYOR, *Circuit Judge*:

Petitioner Ying Zheng, a citizen of the People's Republic of China, seeks review of the May 31, 2006 order of the BIA dismissing her appeal from the December 22, 2004 decision of Immigration Judge ("IJ") Noel Ferris denying her applications for asylum and withholding of removal. *In re Ying Zheng*, No. A95 377 251 (BIA May 31, 2006), *aff'g* No. A95 377 251 (Immig. Ct. N.Y. City Dec. 22, 2004). Because the BIA has not yet articulated, in a published, precedential decision, its position concerning whether and under what conditions the forced insertion of an IUD constitutes persecution, we grant the petition for review, vacate the order of the BIA, and remand for further proceedings consistent with this opinion.

I.    *Background*

The gravamen of Zheng's application for asylum and withholding of removal was that she was persecuted in China by being forced to have an intrauterine device (IUD) implanted. The IJ found that Zheng's testimony was not credible, in part because Zheng waited nearly eleven years to have the IUD removed after she was allegedly forced to have it inserted. The IJ further found that the IUD implantation did not rise to the level of persecution because Congress did not intend to include birth control methods other than abortions or forced sterilizations in its definition of persecution under the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42) (defining "refugee" to include "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program").

On appeal to the BIA, Zheng challenged both the adverse credibility determination and the IJ's finding that the forced insertion of an IUD was not persecution. The BIA held that "even

2

if the respondent is deemed credible," it would affirm the decision of the IJ because, "[a]lthough we do not disagree with the respondent that such a procedure is an intrusion on her body, we are unable to conclude that this action rises to the level of persecution in terms of the harm inflicted," in part because she experienced "no significant degree of pain or restriction as a result of the procedure." Further, the BIA buttressed its finding with an observation that the IUD is "a method of birth control . . . commonly used in this country as well as many other parts of the world." This widespread use compelled the BIA to find "nothing so inherently egregious about the procedure to lead us to conclude that the applicant was persecuted."

The BIA also took note of the fact that a number of circuit courts of appeal "have suggested that nonviolent, involuntary IUD insertions might constitute persecution." The Board did not opine on these appellate court decisions, but rather stated in conclusory fashion that "[a]n involuntary IUD is far less severe than a forced abortion or sterilization, and it is a readily reversible procedure."

II.    *Discussion*

In this case, the BIA did not adopt and affirm the IJ's decision as a whole; instead, it agreed with the IJ that, on this record, Zheng failed to establish past persecution. When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Furthermore, because the BIA specifically declined to address the IJ's adverse credibility determination, we must evaluate Zheng's claims on the presumption that she was credible and review only the burden of proof finding. *Cf. Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005) (holding that when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's

3

decision as modified by the BIA). We review the agency's factual findings under the substantial evidence standard, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n.7 (2d Cir. 2004), and we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005).

As the BIA rightly noted, the circuit courts of appeals have taken an array of positions on whether, and under what circumstances, the forced insertion of an IUD constitutes persecution. *See Feng Chai Yang v. U.S. Att'y General*, 418 F.3d 1198, 1205 (11th Cir. 2005) (acknowledging that removing an IUD in contravention of China's family planning policy could be considered "other resistance" to that policy); *Qiao Hua Li v. Gonzales*, 405 F.3d 171, 179 & n.5 (4th Cir. 2005) (denying petition for review but leaving "open the possibility that the required insertion and continuous usage of an IUD might constitute 'persecution,' even absent any physical force or restraint whatsoever" (emphasis omitted)); *Xia J. Lin v. Ashcroft*, 385 F.3d 748 (7th Cir. 2004) (granting petition for review because IJ's adverse credibility determination was not supported by substantial evidence, and specifically noting that the IJ had not "determine[d] whether Lin's three involuntary IUD insertions and mandatory checkups could constitute persecution as a 'coercive population control program'").

But the BIA has not yet opined on this issue in a published, precedential opinion, thus depriving the bench, the bar and potential asylum applicants of guidance concerning whether and how they might approach the issue. Indeed, it appears that the BIA has taken contrary positions on this issue. In the instant case, the BIA held that the involuntary insertion of an IUD, unaccompanied by any "significant degree of pain or restriction" did not constitute persecution within the meaning of the INA. But in *Yahong Zheng v. Gonzales*, 409 F.3d 804 (7th Cir. 2005),

4

the BIA "assumed that the involuntary insertion of IUDs constitutes persecution pursuant to a 'coercive population control program' for purposes of [8 U.S.C.] § 1101(a)(42)(B)." *Id.* at 806; *see id.* at 811 (observing that "no court of appeals has decided whether persecution under the expanded definition of 'refugee' . . . can be established on the basis of forcible IUD insertions alone"). The BIA's opinion in Zheng's case was non-precedential and was signed by a single member of the Board. This Court recently concluded that such "nonprecedential decision[s] by a single member of the BIA should not be accorded" deference under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984). *Rotimi v. Gonzales*, 473 F.3d 55, 56 (2d Cir. 2007) (*per curiam*). Accordingly, we remand this case to the BIA so that it might articulate its position concerning whether and under what conditions the forced insertion of an IUD constitutes persecution.[1] Alternatively, on remand the BIA might consider whether to affirm the decision of the IJ on the basis of her adverse credibility determination.

For the foregoing reasons, the petition for review is GRANTED; the decision of the BIA is VACATED; and the case is REMANDED for further proceedings consistent with this order.

---

[1] It is unclear from the BIA's opinion if it considered whether emotional harm resulting from the unwanted touching attendant to the forcible insertion of an IUD might constitute persecution within the meaning of the BIA. *Cf. Jordan v. Gardner*, 986 F.2d 1521, 1526 (9th Cir. 1993) (*en banc*) (finding, in the context of a women's prison, that, for purposes of making out an Eighth Amendment violation, the forcible, unwanted touching of a woman may constitute "infliction of pain").