**YU ZHEN XIE, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–2929–ag.

United States Court of Appeals,
Second Circuit.

Aug. 15, 2007.

Donald Madeo, Madeo & Fasano, New York, N.Y. (H. Raymond Fasano, on the brief), for Petitioner.

Rebecca A. Niburg, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, District of Columbia (Tammy Owens Combs, Assistant United States Attorney, for James R. Dedrick, United States Attorney, Eastern District of Tennessee, Chattanooga, TN, on the brief), for Respondent.

PRESENT: Honorable GUIDO CALABRESI, Honorable REENA RAGGI and Honorable PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Zhen Xie seeks review of the June 15, 2006 decision of the BIA, affirming the January 3, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel, denying her claims for asylum, withholding of removal, and protection under the Convention Against Torture. *See In re Yu Zhen Xie*, No. A 98 477 952 (B.I.A. June 15, 2006) *aff'g* No. A 98 477 952 (Immig. Ct. N.Y. City Jan. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). We review questions of law and mixed questions of fact and law *de novo*. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

In this case, the IJ and BIA focused on the sufficiency of the nexus between petitioner's IUD insertion and her subsequent hysterectomy. The agency did not, however, address the threshold question of whether the involuntary insertion and maintenance of an IUD can constitute persecution on account of resistance to a coercive population control program under 8 U.S.C. § 1101(a)(42). Accordingly, we grant the petition and remand this case for further agency consideration as discussed in *Ying Zheng v. Gonzales*, 497 F.3d 201 (2d Cir.2007).

The petition for review is GRANTED; the decision of the BIA is VACATED; and the case is REMANDED to the BIA for proceedings consistent with this order.