JIAN CHUN SUN, Pei Qi
Sun, Petitioners,

v.

Michael B. MUKASEY, U.S. Attorney

General,[1] Respondent.

No. 07–0866–ag.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2007.

Visuvanathan Rudrakumaran, Law Office of V. Rudrakumaran, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney, General, Civil Division, Stephen J. Flynn, Senior Litigation Counsel, W. Manning Evans, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Jian Chun Sun and Pei Qi Sun, both natives and citizens of the People's Republic of China, seek review of a February 6, 2007 order of the BIA affirming the July 28, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying their application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Jian Chun Sun*, Nos. A73 034 160, A76 142 990 (B.I.A. Feb. 6, 2007), *aff'g* Nos. A73 034 160, A76 142 990 (Immig. Ct. N.Y. City July 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and affirms the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Belortaja v. Gonzales, 484 F.3d 619, 623 (2d Cir.2007). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. Ying Zheng v. Gonzales, 497 F.3d 201, 203 (2d Cir.2007). The Court reviews de novo questions of law and the application of law to undisputed fact. See Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

The IJ did not err in concluding that Sun did not establish either past persecution or a well-founded fear of future persecution. Contrary to Sun's position, the IJ did not apply an impermissibly narrow standard in evaluating whether Sun had suffered past persecution. This Court has held that "persecution includes more than threats to life and freedom and therefore encompasses a variety of forms of adverse treatment, including non-life[-]threatening violence and physical abuse or non-physical forms of harm." See Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir.2006) (alteration in original) (internal quotation marks and citations omitted). Nonetheless, "persecution does not encompass mere harassment." Id.; cf. Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir. 2006). As Sun points out, the IJ specifically asked Sun whether he had ever been arrested, detained, or beaten in China, and these are not the only forms of mistreatment that may constitute persecution. Ivanishvili, 433 F.3d at 341. However, the IJ never stated that she considered persecution to be limited to arrests, beatings, and detentions. Rather, the record reflects the IJ's effort to elicit testimony from Sun regarding any incidents that could be fairly classified as persecution, in accordance with the IJ's duty to establish and develop the record. See Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir.2006). Because Sun did not offer testimony about any such incidents, the IJ did not err in finding that he had not suffered past persecution.

Moreover, the IJ did not err in concluding, based largely on information contained in the U.S. Department of State Asylum Profile for China, that Sun did not have a well-founded fear of future persecution. See Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006) (finding that State Department reports may be probative of an applicant's claims). The IJ properly relied on information contained in the Asylum Profile indicating that couples were allowed to have a second child when the first child was female and the second child was born at least four years later. See id. Sun presented no reliable "contrary evidence" to refute the Asylum Profile's assertion that having a second child under Sun's circumstances—when his first child was a daughter and his second child was born more than ten years later—did not constitute a violation of the family-planning policy. See Tian–Yong Chen v. INS, 359 F.3d 121, 130 (2d Cir.2004). Accordingly, the IJ did not err in finding that, under these circumstances, Sun's fear that he would be subjected to forced sterilization was not objectively reasonable.

Sun's withholding and CAT claims ultimately rest on the same factual predicate as his asylum claim—i.e., because he has two children, he will be subjected to forced sterilization if he returns to China. Cf. Paul v. Gonzales, 444 F.3d 148, 156–57 (2d Cir.2006). Because Sun was unable to show the objective likelihood of persecution needed to make out an asylum claim,

he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See id.* Likewise, given that Sun could not meet the burden of proof for either asylum or withholding of removal, it follows that he could not establish that it was more likely than not that he would be tortured upon return to China. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 114 (2d Cir.2006). Thus, the IJ did not err in denying Sun's withholding and CAT claims.

Finally, this Court lacks jurisdiction to consider Sun's challenge to the denial of his application for cancellation of removal, *see* 8 U.S.C. §§ 1229b(b)(1), 1252(a)(2)(B)(i), and must dismiss the petition for review to that extent. Sun's arguments that the IJ erred in denying that relief do not raise a colorable question of law but only quarrel with the IJ's discretionary and factual findings. *See Barco–Sandoval v. Gonzales,* 496 F.3d 132, 135–36 (2d Cir.2007); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.