**Kuldip SINGH, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–1819–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, N.Y., for petitioner.

Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, W. Manning Evans, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. WALKER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Kuldip Singh, a native and citizen of India, seeks review of an April 9, 2007 order of the BIA affirming the August 25, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh*, No. A 78 299 121 (B.I.A. Apr. 9, 2007), *aff'g* No. A 78 299 121 (Immig. Ct. N.Y. City Aug. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, we lack jurisdiction to review the pretermission of Singh's asylum application because Singh has challenged only the IJ's factual finding that he did not establish extraordinary circumstances sufficient to excuse his untimely filing. Accordingly, we dismiss the petition for review to that extent, and proceed to consider Singh's challenge to the denial of his applications for withholding of removal and CAT relief.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Tao Jiang v. Gonzales*, 500 F.3d 137, 140 (2d Cir.2007) (internal quotation marks and citation omitted). However, "we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed." *Ying Zheng v. Gonzales*, 497 F.3d 201, 203 (2d Cir.2007).

■ In support of its adverse credibility finding, the agency determined that Singh's testimony indicated a lack of familiarity with Indian politics that contradicted his claim that he was actively involved with the Congress Party. The crux of the IJ's difficulty with Singh's testimony was that Singh had stated that the Congress Party was composed mostly of Sikhs while simultaneously conceding that Sikhs made up only two percent of India's population. When confronted with this apparent discrepancy, Singh explained that Sikhs made up the majority of the Congress Party in Punjab, where he lived. Although Singh's explanation is plausible, the IJ did not err in declining to credit it. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)). Moreover, prior to Singh's explanation, the IJ had asked Singh about the Congress Party's influence in "another area in India," after which he stated that

Hindus are not members of the Congress Party and that "it's the Sikhs who belong to the Congress Party." Viewed in context, this testimony was contradictory and properly formed the basis of the agency's adverse credibility determination.

To support this determination, the agency also cited several portions of Singh's testimony that it found implausible; however, because Singh has not challenged any of these findings in his brief, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). Because the IJ's inconsistency and implausibility findings provided ample support for the adverse credibility determination, we find that the denial of Singh's claims for withholding of removal and CAT relief was not in error where both claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006).

■ We further note that, even if Singh were deemed credible, the agency correctly determined that he failed to meet his burden of establishing that he would more likely than not be persecuted or tortured upon returning to India. Indeed, Singh acknowledged that the Congress Party is currently in power and that local police remain loyal to the party in power. *See* 8 C.F.R. § 1208.13(b)(1)(i). Singh's assertion that he would face difficulties if the Congress Party loses its position is speculative and does not satisfy the high burden of showing a likelihood of persecution or torture. *Cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) ("In the absence of solid support in the record for Huang's assertion that he will be subjected to forced sterilization, his fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.