**JIA XIANG DONG & Yue Ming Zheng, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Michael B. Mukasey,\* Respondents.**

Nos. 02–4623–ag (Lead), 02–4636–ag (Con).

United States Court of Appeals, Second Circuit.

April 24, 2008.

Bruno Joseph Bembi, Hempstead, NY, for Petitioners.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quiñones, Assistant United States Attorney, Concord, NH, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. J. GARVAN MURTHA,\*\* District Judge.

## SUMMARY ORDER

Petitioners Jia Xiang Dong and Yue Ming Zheng, natives and citizens of China, petition for review of two decisions of the BIA affirming without opinion the decision of the IJ denying their applications for asylum, withholding of removal, and CAT relief. *In re Jia Ziang Dong*, No. A 70–901–205 (BIA Sept. 27, 2002), *aff'g* No. A 70 901 205/A 70 868 125 (Immig. Ct. N.Y. City Dec. 21, 1999); *In re Yue–Ming Zheng*, No. A 70–868–125 (BIA Sept. 27, 2002), *aff'g* No. A 70 901 205/A 70 868 125 (Immig. Ct. N.Y. City Dec. 21, 1999). We assume the parties' and counsel's familiarity with the underlying facts and procedural history of the case.

In this case, the agency found that the alleged forced insertion of an intrauterine device did not rise to the level of persecution. We have previously remanded to the BIA asking it to "articulate[ ], in a published, precedential decision, its posi-

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

\*\* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

tion concerning whether and under what conditions the forced insertion of an IUD constitutes persecution ...." *Ying Zheng v. Gonzales,* 497 F.3d 201, 202 (2d Cir. 2007); *see also Chao Qun Jiang v. Bureau of Citizenship & Immigration Servs.,* 520 F.3d 132 (2d Cir.2008). The BIA has not yet done so.

Because the BIA will need to decide this case in light of whatever decision it releases, we grant the petition and remand this case for further agency consideration as discussed in *Ying Zheng.*

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order.