**JIE HIN SHU, Hua Zhen Shu, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General, Respondent.**

Nos. 04–3296–ag (L), 04–3297–ag (Con).

United States Court of Appeals, Second Circuit.

June 27, 2008.

Henry Zhang, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

### I.  Docket No. 04–3296–ag:  Jie Hin Shu

Petitioner Jie Hin Shu, a native and citizen of China, seeks review of the June 1, 2004 order of the BIA affirming the February 7, 2003 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie Hin Shu,* No. A79 337 133 (B.I.A. June 1, 2004), *aff'g* No. A79 337 133 (Immig. Ct. N.Y. City Feb. 7, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004)(per curiam). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to

fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, we lack jurisdiction to consider Shu's challenges to the agency's denial of CAT relief, because he failed to raise that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Therefore, we review only Shu's challenge to the denial of his applications for asylum and withholding of removal on account of his alleged opposition to China's family planning policy.

A person who has been forced to abort a pregnancy or to undergo involuntary sterilization is deemed to have been persecuted and to have a well-founded fear of persecution on account of his or her political opinion. 8 U.S.C. § 1101(a)(42); *Matter of Y– T–L–,* 23 I. & N. Dec. 601, 607 (B.I.A. 2003). We review de novo whether the IJ applied the correct legal standard in finding that Shu did not undergo an involuntary sterilization. *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 283 (2d Cir.2006).

Here, we find no support for the IJ's finding that Shu failed to show that he experienced past persecution. Shu testified that in January 1988, five family planning officials came to his home to take his wife away to be sterilized due to the couple's violation of the family planning policy. Shu testified that because his wife was physically weak at the time, he requested that he be allowed to undergo the sterilization procedure in her place. He was then taken to a local hospital where doctors performed a "very painful" procedure on him that involved cutting the lower region

of his body and removing both "sperm ducts." Shu testified that, despite receiving an anesthetic injection, he almost passed out from the "excruciating" operation and required about one week to recover. It was later discovered that the procedure had not rendered Shu sterile, and his wife had two children after the surgery.

The IJ found that although Shu was a credible witness, he was never actually sterilized and therefore did not suffer past persecution. The IJ stated, "an attempted sterilization is not a sterilization for purposes of the Act particularly since it clearly was unsuccessful." We are perplexed by such reasoning where nothing in the Immigration and Nationality Act appears to require that in order to qualify as a "person who has been forced ... to undergo involuntary sterilization," the individual must have been rendered wholly sterile or infertile. 8 U.S.C. § 1101(a)(42). To the contrary, we recently described the refugee definition as including "an individual who has physically undergone an involuntary medical procedure *intended to result in infertility.*" *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (emphasis added). There is no dispute that the procedure performed on Shu was an attempt to render him infertile. In fact, the IJ explicitly labeled the incident an "attempted sterilization." Under such circumstances, we find no support for her conclusion that Shu did not suffer persecution.[1]

The agency's erroneous past persecution analysis tainted the balance of its findings. Indeed, had Shu demonstrated

---

1. There may be open questions in this case regarding whether Shu's sterilization procedure was "involuntary," where he asked to be allowed to be sterilized in place of his wife. *See Xiu Fen Xia v. Mukasey,* 510 F.3d 162, 165 (2d Cir.2007). However, the IJ did not make any explicit finding regarding this as-

pect of the case and therefore we are left without anything to review in that respect. *See Dong Gao v. BIA,* 482 F.3d 122, 127 (2d Cir.2007) ("[T]he Court will confine its review to the reasons given by the agency and will not search the record for alternative reasons to affirm.").

past persecution, it would have been the government's burden to establish that, under all the circumstances, it would be reasonable for him to relocate within China, 8 C.F.R. § 1208.13(b)(3), or that a fundamental change in circumstances had occurred, *Id.* § 1208.13(b)(1)(i)(A). Even if it met that burden, Shu might still be eligible for humanitarian asylum based on the severity of his persecution. *See Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir. 2007) (per curiam); *Matter of S–A–K– & H–A–H–,* 24 I. & N. Dec. 464 (B.I.A.2008).

In light of the flaws we have identified in the agency's decision, we remand each of Shu's claims for relief to the agency. *See Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam) (finding that when the agency's analysis is lacking, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation" (internal quotation marks omitted)).

**II. Docket No. 04–3297–ag: Hua Zhen Shu**

■ We previously dismissed Hua Zhen Shu's petition for review and issued a mandate in her case. However, it is plain that her case should have proceeded as consolidated with her husband's where both ultimately sought review of the same administrative order. We are troubled that Petitioners' attorney never filed a motion to consolidate, otherwise informed the Court that the cases were related, or attempted to reinstate Hua Zhen Shu's petition for review, to say nothing of the fact that the petition was dismissed for failure to comply with this Court's scheduling order. Attorney Henry Zhang has previously been referred to the Committee on Admissions and Grievances for his substandard performance in this and other cases.

Under these exceptional circumstances, we exercise our power to recall the mandate sua sponte and reinstate the petition for review, particularly where Jie Hin Shu's case merits remand and Hua Zhen Shu may be eligible for derivative asylum. *See Sargent v. Columbia Forest Prods., Inc.,* 75 F.3d 86, 89 (2d Cir.1996). As to the merits of Hua Zhen Shu's petition for review, we have previously remanded to the BIA asking it to "articulate[ ], in a published, precedential decision, its position concerning whether and under what conditions the forced insertion of an IUD constitutes persecution." *Ying Zheng v. Gonzales,* 497 F.3d 201, 202 (2d Cir.2007); *see also Chao Qun Jiang v. Bureau of Citizenship & Immigration Servs.,* 520 F.3d 132, 135 (2d Cir.2008). The BIA has not yet done so.

While remand would appear appropriate in Hua Zhen Shu's petition for review as well, we are disinclined to grant the petition without giving the government the opportunity to respond. The government is ordered to show cause why the petition for review in Docket No. 04–3297–ag should not be granted based on our decision to grant her husband's petition for review and in light of the opinions cited above concerning IUD insertion. Nothing in this order should be read to preclude the government from stipulating to remand Hua Zhen Shu's case to be considered with her husband's before the agency.

For the foregoing reasons, the petition for review in Docket No. 04–3296–ag is GRANTED, the BIA's decision is VACATED, and the case REMANDED for further proceedings consistent with this order. With respect to Docket No. 04–3297–ag, the mandate is RECALLED and the petition is REINSTATED. The government is ordered to show cause within thirty (30) days why the petition for review in

Docket No. 04–3297–ag should not be granted.