SUMMARY ORDER

Petitioner Jie Xia, a native and citizen of China, seeks review of a May 19, 2008 order of the BIA affirming the April 4, 2003 decision of Immigration Judge (“IJ”) George T. Chew denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jie Xia, No. A 95 201 708 (B.I.A. May 19, 2008), aff'g No. A 95 201 708 (Immig. Ct. N.Y. City Apr. 4, 2003). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, Xia argues that forced insertion of an IUD constitutes “sterilization” within the meaning of 8 U.S.C. § 1101(a)(42). In Ying Zheng v. Gonzales, 497 F.3d 201, 202 (2d Cir.2007), a petitioner argued that she was persecuted in China by being forced to use an IUD. We remanded that case to the BIA “so that it might articulate its position concerning whether and under what conditions the forced insertion of an IUD constitutes persecution.” Id. at 203-04. In Matter of M-F-W & L-G-, 24 I. & N. Dec. 633, 636 (BIA 2008), the BIA found that the “definition [of the verb to ‘sterilize’] makes clear the permanency of the sterilization procedure — i.e., that it leaves one incapable of having children-and leads us to reject the argument that IUD use should be treated as the equivalent of sterilization.” We have not had the opportunity to pass on this interpretation in a prece-dential opinion, and we need not — and do not — do so here.
Assuming arguendo that Matter of MF-W- is correct, remand in this case is nevertheless appropriate because the BIA erred in its analysis of whether Xia was persecuted. In finding that IUD insertion is not persecution per se, the BIA made clear that it did not “intend to imply that having an IUD inserted can never be found to be persecutive. However, to rise to the level of harm necessary to constitute persecution, the insertion of an IUD must involve aggravating circumstances.” Id. at *279 642 (internal quotation marks omitted). And, the applicant must show that the insertion of an IUD was undertaken on account of a protected ground, including resistance to the family planning policy. Id. at 642-43. Xia argues that the BIA erred in finding that her forced IUD insertion and “invasive regular IUD checkups” did not occur in response to her resistance to the family planning policy and did not rise to the level of persecution. Before the agency, Xia testified that after she attended a routine physical examination, she received notification from the Chinese government that she was required to appear at the hospital within seven days for an IUD insertion. Despite the notice, she did not go to the hospital. In response to her failure to appear, an officer went to her aunt’s home and forced her to go to the hospital. Xia testified that the forced IUD insertion was her first intimate contact with a male and that during the procedure, she “felt like [she] was [being] raped.”
With respect to the question of nexus, as Xia argues, refusing to attend a mandatory examination would appear to constitute “resistance” within the meaning of 8 U.S.C. § 1101(a)(42). See Matter of M-F-W- 24 I. & N. Dec. at 638 (observing that failing to attend a mandatory gynecological examination constitutes resistance because such an act would thwart the goals of the family planning policy). Thus, the question is whether there were aggravating circumstances in Xia’s case that would differentiate it from mere compliance with the “routine demands” of the family planning policy. Id. at 642.
In finding that the procedure Xia underwent was not persecutive, the BIA observed that family planning officials were “cold hearted” and “rude” to her, but concluded that there was no evidence that her IUD insertion was performed in a “brutal” or “humiliating” fashion. Given Xia’s testimony, this explanation is “insufficient to permit meaningful review.” See Beskovic v. Gonzales, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions denying asylum). Thus, we find that remand is required.
For the foregoing reasons, the petition for review is GRANTED, and the case is remanded to the agency for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.