Wong v. Barr

BIA
Loprest, IJ
A036 850 251

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty.

**PRESENT:**

> **BARRINGTON D. PARKER,**
> **RICHARD J. SULLIVAN,**
> > *Circuit Judges,*
> **KATHERINE POLK FAILLA,**[1]
> > *District Judge.*

_____

**KWOK SUM WONG,**
> *Petitioner*,

    **v.**                                           **18-1007**

**WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,**
> *Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONER:** | Margaret W. Wong, Margaret Wong & Associates LLC, Cleveland, OH. |
| **FOR RESPONDENT:** | Joseph H. Hunt, Assistant Attorney General; Carl McIntyre, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

---

[1] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Kwok Sum Wong, a native of Hong Kong and citizen of the People's Republic of China, seeks review of two decisions of the BIA. The BIA affirmed the April 24, 2015 and February 10, 2012 decisions of an Immigration Judge ("IJ") ordering Wong's removal as an alien convicted of two crimes of moral turpitude ("CIMT") pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) and finding him ineligible for a waiver pursuant to 8 U.S.C. § 1182(h). *In re Kwok Sum Wong*, No. A036 850 251 (B.I.A. Mar. 20, 2018, May 15, 2012), *aff'g* No. A 036 850 251 (Immig. Ct. N.Y. City Apr. 24, 2015, Feb. 10, 2012). We assume familiarity with the facts, procedural history and the issues presented for review.

In 2005, Wong was convicted of theft by deception in violation of N.J. Stat. Ann. § 2C:20-4. In 2006, he was convicted of forgery in the second degree in violation of New York Penal Law ("NYPL") § 170.10. In 2011, the Department of Homeland Security ("DHS") charged Wong as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two CIMTs. On appeal, Wong argues (1) that his theft by deception offense does not constitute a "conviction" within the meaning of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(48)(A) and, if it does, the offense is not a CIMT; (2) that his forgery conviction does not qualify as a CIMT; and (3) that the agency erred in finding him ineligible for a § 1182(h) waiver. We grant the petition for review and remand for proceedings consistent with this opinion.

**DISCUSSION**

Wong pleaded guilty to theft by deception in violation of N.J. Stat. § 2C:20-4 and was ordered to pay a $200 fine. Wong argues to us that his plea did not count as a "conviction" under

2

8 U.S.C. § 1227(a)(2)(A)(ii). Under New Jersey law, theft by deception is a disorderly persons offense. A disorderly persons theft is one that involves less than $200. N.J. Stat. Ann. § 2C:20-2(b)(4)(a). The offense is not a "crime" as defined in the New Jersey constitution. *Id.* §§ 2C:1-4(a)-(b); 2C:20-2(b)(4). New Jersey law also provides that "[t]here shall be no right to indictment by a grand jury nor any right to trial by jury on such offenses. Conviction of such offenses shall not give rise to any disability or legal disadvantage based on conviction of a crime." *Id.* § 2C:1-4(b).

The INA defines "conviction" as:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--
>
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

The BIA's prior decisions about what constitutes a "conviction" leave us with uncertainty as to whether and why disorderly persons theft satisfies this definition. In *In re Eslamizar*, the BIA determined that by "judgment of guilt," Congress meant a "judgment entered in a genuine criminal proceeding"—a "proceeding that must, at minimum, be criminal in nature under the governing laws of the prosecuting jurisdiction." 23 I. & N. Dec. 684, 688 (B.I.A. 2004). In that case, the BIA determined that a judgment of guilt as to third-degree theft, a violation under Oregon law, did not qualify as a conviction under § 1101(a)(48)(A). In making that determination, the BIA considered "the constitutional safeguards normally attendant upon a criminal adjudication" and the consequences associated with the conviction under the laws of the prosecuting jurisdiction. *Id*. at

3

687. Like New Jersey law, Oregon law provides that "conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime." *Id.* (internal quotation marks and alterations omitted). Moreover, the BIA considered whether the offense must be proved beyond a reasonable doubt and its conclusion was influenced by the fact that the violation could be proved by a preponderance of the evidence. *Id.* at 687-88. Notably, the BIA did not hold that any one of these factors was dispositive or to be given lesser weight, nor did it explain how they did or did not fit together.

The Government argues that New Jersey requires a showing of guilt beyond a reasonable doubt for conviction of a disorderly persons offense, which is sufficient to render Wong's adjudication a conviction under § 1101(a)(48)(A). The Third Circuit considered this issue in *Castillo v. Attorney General of the United States*, 729 F.3d 296, 305-06 (3d Cir. 2013), where the Government also argued that New Jersey's disorderly persons offenses qualified as convictions under § 1101(a)(48)(A) because the standard was "beyond a reasonable doubt." The Third Circuit rejected the Government's contention that the standard of proof was dispositive. *Id.* at 306. Instead, it concluded that *In re Eslamizar* requires a "more 'open-ended' inquiry" and "that there are several other factors that may be relevant in deciding if the judgment was entered in a true or genuine criminal proceeding, including how the prosecuting jurisdiction characterized the offense at issue, the consequences of a finding of guilt, and the rights available to the accused as well as any other characteristics of the proceeding itself." *Id.* at 307. The Third Circuit then remanded to the agency to reconsider *In re Eslamizar* or to apply the factors discussed. *Id.* at 311.

Subsequent BIA decisions have not definitively clarified whether the standard of proof is the dispositive factor or how other factors enter into the mix. *See, e.g.*, *Matter of Rivera-Valencia*, 24 I. & N. Dec. 484, 486-87 (B.I.A. 2008) (finding a conviction where reasonable doubt standard

4

applied and "trial by court-martial d[id] not infringe on the constitutional rights of an accused . . . , despite the absence of some protections afforded civilian defendants, such as the right to a trial by jury"). In *Matter of Cuellar-Gomez*, 25 I. & N. Dec. 850, 853 (B.I.A. 2012) (internal quotation marks omitted), the BIA, found that a municipal court conviction was a conviction under the INA, emphasizing the presence of a "beyond a reasonable doubt" standard. The BIA, however, also noted that the municipal court judge could impose fines and order incarceration, that the judgment was "a valid conviction for purposes of calculating the defendant's criminal history" under the state's sentencing laws, and there was right to trial de novo in state district court. *Id.* at 853-55. The BIA did not say whether the burden of proof was determinative or whether and how these other factors mattered.

Furthermore, it is unclear if the BIA appropriately considered whether the disorderly persons proceedings was "criminal in nature under the governing laws of the prosecuting jurisdiction," a key requirement in its *In re Eslamizar* analysis. The BIA acknowledged that Wong's offense was not considered a crime under New Jersey law but determined that Wong was convicted in a criminal proceeding because his offense was a crime as "conventionally defined," Certified Administrative Record at 541, that guilt must be proven beyond a reasonable doubt, and that he was indicted by a grand jury. The reasoning behind this conclusion is unclear to us. We are uncertain about the analytical path the BIA walked to decide that Wong's offense was a CIMT when the offense was not a crime under New Jersey law but nonetheless was a crime as "conventionally defined."

Wong was indicted by a grand jury for theft by deception in the third degree, but he eventually pleaded guilty to the much lower disorderly persons offense theft. A disorderly persons offense does not require an indictment by a grand jury. N.J. Stat. Ann. § 2C:1-4. The BIA's

reliance on Wong's indictment raises a number of questions. If Wong never pled to the offense for which the grand jury indicted him but instead pled to the disorderly persons offense, why does the indictment prove anything at all, much less an adjudication for a CIMT?

Accordingly, we conclude that the BIA failed to analyze with sufficient precision the factors necessary to its determination of what constitutes a "conviction" or "a judgement of guilt" or a "criminal proceeding" and how the factors relate to each other. Nor has the BIA satisfactorily explained how an offense that is not a crime under the laws of the jurisdiction where it was committed can become a "crime" for purposes of the INA. We remand to afford the BIA the opportunity to clarify these matters. *See Ying Zheng v. Gonzales*, 497 F.3d 201, 203-04 (2d Cir. 2007) (remanding to the BIA where the BIA had not opined in a published, precedential opinion what standards it used to review an issue and it appeared that the BIA's non-precedential decisions had taken contrary positions).[2]

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because the agency ordered Wong removed under a provision that requires the government to establish two CIMT convictions, 8 U.S.C. § 1227(a)(2)(A)(ii), and we remand as to whether the theft by deception offense qualifies as a INA conviction, we do not reach the other issues raised by Wong.